IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 08-cv-00680-WDM-CBS

GMAC MORTGAGE, LLC,

    Plaintiff,

v.

VICKI DILLARD-CROWE,
ANY AND ALL OCCUPANTS CLAIMING AN INTEREST UNDER THE DEFENDANTS,

    Defendants.

## ORDER OF REMAND

Miller, J.

This case is before me on the Notice of Removal (doc no 1) filed by Defendant Vicki Dillard-Crowe. Defendant Dillard-Crowe removed this case to this Court on April 3, 2008 on the basis of diversity jurisdiction (28 U.S.C. § 1332) and federal question jurisdiction (28 U.S.C. § 1331), claiming that this case concerns the Federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692.

Defendant has removed or directly filed numerous cases in this Court, all relating to foreclosure and Forcible Entry and Detainer actions on various properties. *See* Case Nos. 07-cv-2506-WDM-CBS, 07-cv-1987-WDM-CBS, 07-cv-2172-WDM-CBS, 07-cv-2293-WDM-CBS, 07-cv-2564-WDM-CBS, 08-cv-685-WDM-CBS. Most of the cases have been remanded for lack of jurisdiction or are the subject of pending motions to dismiss.

This case is essentially the same as those I have previously remanded; indeed,

Defendant used the same Notice of Removal as 08-cv-00680-WDM-CBS (previously docketed as 07-cv-02506-WDM-CBS) and neglected to change the name of the plaintiff everywhere except the caption.  As Defendant well knows, her allegations are insufficient to demonstrate that this Court has jurisdiction over this matter.  Moreover, the removal is untimely, as Defendant filed an answer in the state court action on November 8, 2007 and obviously had notice of the action before then.  28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, though service or otherwise, of a copy of the initial pleading . . . .").

As in 08-cv-00685-WDM-CBS, another case Defendant recently removed, a hearing on the underlying FED action in this case was set for April 3, 2008, the same day that Defendant removed the case to this Court.  Defendant's Notice of Removal may be abusive as an attempt to delay and avoid the underlying proceedings.  This conduct will not be tolerated.  In my order remanding Defendant's case in 08-cv-00685-WDM-CBS, I have ordered Defendant to show cause why she should not be sanctioned and enjoined from further filing.  Defendant is advised that she may be sanctioned if

she attempts to remove this case back to this Court after it is remanded.

Accordingly, it is ordered:

1. This case is remanded to the District Court, Arapahoe County, Colorado.

DATED at Denver, Colorado, on April 9, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge